UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 19-34 |
| JOHN WELDON | SECTION I |

### ORDER & REASONS

Before the Court is John Weldon's ("Weldon") *pro se* motion[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government opposes Weldon's motion.[2] For the reasons set forth below, the Court denies Weldon's motion.

### I. BACKGROUND

On August 1, 2019, Weldon was charged in a six-count superseding indictment.[3] Count 1 pertained to a conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) where the alleged overt acts were seven armed robberies, including the armed robbery of Circle H Meat Market.[4] Count 2 pertained to a Hobbs Act robbery at a Shell gas station on December 23, 2018, in violation of 18 U.S.C. § 1951(a).[5] Count 3 charged the brandishing of a firearm during a crime of violence, *ie.* the Hobbs Act armed robbery of the Circle H Meat Market, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[6] Count 4 charged Weldon with armed bank robbery at

---

[1] R. Doc. No. 343.
[2] R. Doc. No. 81.
[3] R. Doc. No. 34.
[4] *Id.* at 1–2.
[5] *Id.* at 4.
[6] *Id.* at 4.

1

First Bank and Trust, in violation of 18 U.S.C. §§ 2113(a) and (d).[7] Count 5 charged Weldon with the brandishing of a firearm during a crime of violence, *ie.* the Hobbs Act armed robbery of First Bank and Trust, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[8] Count 6 charged Weldon with knowingly possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[9]

On December 12, 2019, following a four-day trial, a jury found Weldon guilty on all counts.[10] On July 28, 2021, Weldon was sentenced to a 408-month term.[11] He was also given a term of supervised release of 5 years, and the Court ordered Weldon to pay restitution.[12]

Weldon appealed his sentence to the U.S. Fifth Circuit Court of Appeals. On September 1, 2022, the Fifth Circuit affirmed Weldon's convictions, finding "no errors in the trial and convictions below."[13]

On August 11, 2023, Weldon filed the instant § 2255 motion.[14] In his motion, Weldon argues his convictions under 18 U.S.C. § 924(c)(1) are invalid under *United States v. Taylor*, 142 S. Ct. 2015 (2022) and that he received ineffective assistance of counsel because his lawyer did not challenge the application of 18 U.S.C. § 924(c).[15]

---

[7] *Id.* at 4–5.
[8] *Id.* at 5.
[9] *Id.* at 5.
[10] R. Doc. No. 126.
[11] R. Doc. No. 225.
[12] R. Doc. 225.
[13] *United States v. Weldon*, No. 21-30474, 2022 WL 4363831, at *8 (5th Cir. Sept. 21, 2022).
[14] R. Doc. No. 343.
[15] *Id.* at 24–26.

Weldon also argues that his counsel failed to properly negotiate a plea agreement.[16] The government opposes Weldon's motion on both procedural and substantive grounds.[17]

## II. STANDARD OF LAW

Section 2255 allows a federal prisoner to "move the court which imposed [his] sentence to vacate, set aside, or correct [his] sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The petitioner bears the burden of proving his claim by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). Courts "liberally construe briefs of *pro se* litigants and apply less stringent

---

[16] *Id.* at 26–27.

[17] R. Doc. No. 363. The Court will not address whether the claim is procedurally barred because the claim clearly fails on the merits. *United States v. Scruggs*, 691 F.3d 660 (5th Cir. 2012) ("We need not decide whether Scruggs is actually innocent because we have concluded that Scruggs's constitutional claims fail on the merits. In other words, we would find no ground for relief on the other side of the gate."); *United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994) ("We need not address whether this test bars appellant from asserting his *Brady* claim because, even assuming it is not procedurally barred, the claim fails on its merits."); *Harrington v. United States*, 689 F.3d 124, 128 (2d Cir. 2012) ("We need not, however, conclusively decide the remaining two procedural challenges because even if we were to resolve both of them in [petitioner's] favor, his appeal would nevertheless fail on the merits."); United States v. Hunt, No. 19-17337, 2022 WL 9730780, at *1 (9th Cir. Oct. 17, 2022) ("We need not address whether the claim is procedurally defaulted because, like the district court, we conclude that this claim fails on the merits."); *Perkins v. United States*, 73 F.4th 866 (11th Cir. 2023) ("We may decline to consider whether an issue is procedurally barred where it will ultimately fail on the merits.").

standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523 (5th Cir. 1995). [18]

### III.   ANALYSIS

#### a. Validity of Convictions under *Taylor*

Pursuant to 18 U.S.C. § 924(c), any person who "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" faces enhanced penalties. In *United States v. Davis,* the Supreme Court struck down as unconstitutionally vague one of the statute's two definitions of the term "crime of violence." 139 S. Ct. 2319, 2366 (2019). To determine whether a felony qualifies as a "crime of violence" pursuant to 18 U.S.C. § 924(c), courts employ the categorical approach, asking "whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020.

Contrary to Weldon's argument, [19] the Hobbs Act is a divisible statute. The Hobbs Act requires a jury to "agree that a defendant committed Hobbs Act robbery *or* that the defendant attempted to commit the robbery." *United States v. Legendre*, No. CR 21-51, 2023 WL 2330036, at *3 (E.D. La. Mar. 2, 2023) (Barbier, J.) (emphasis in the original).

---

[18] The government concedes that Weldon's filing is timely because he filed the present § 2255 motion within one year of his conviction becoming final. R. Doc. No. 363, at 2.
[19] R. Doc. No. 343, at 21.

The *Taylor* Court concluded that, applying the categorical approach, attempted Hobbs Act Robbery does not qualify as a "crime of violence." *Id.* As the government points out,[20] however, the *Taylor* Court made clear that its holding only pertained to *attempted* Hobbs Act robbery. *See id.* ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause."). The Fifth Circuit has since made clear that, even after *Taylor*, a completed Hobbs Act robbery qualifies as a crime of violence. *United States v. Hill,* 63 F.4th 335, 363 (2023) (citing *United States v. Bowens,* 907 F.3d 347, 353–54 (5th Cir. 2018)) ("Our precedents establish that Hobbs Act robbery is a crime of violence under the elements clause.").

Both of Weldon's § 924(c) convictions were predicated on *completed* Hobbs Act robberies. Accordingly, *Taylor* is inapposite, and Weldon's argument is foreclosed by Fifth Circuit precedent.

### b. Ineffective Assistance of Counsel

Weldon also argues that he received ineffective assistance of counsel, both because his counsel failed to raise an objection to the application of 18 U.S.C. § 924(c) and because his counsel failed to negotiate a more favorable plea deal.

Ineffective assistance of counsel claims are governed by the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a defendant to prove both deficient performance and resulting prejudice. *Id.* at 687. "If the Court finds that the petitioner has made an insufficient showing as

---

[20] R. Doc. No. 363, at 3.

to either prong, it may dispose of the claim without addressing the other prong." *United States v. Henry*, No. CRIM.A. 08-19, 2010 WL 2998888, at *3 (E.D. La. July 28, 2010) (Vance, J.).

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689). In other words, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

A showing of prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

The Court has established that Weldon's argument concerning the application of 18 U.S.C. § 924(c) is without merit. Accordingly, Weldon cannot make a sufficient showing of either *Strickland* prong.

Turning to Weldon's argument that his attorney failed to negotiate a more favorable plea agreement, Weldon has not demonstrated that a more favorable plea

6

agreement was available.[21] "To show that he was prejudiced by his attorney's failure to initiate plea negotiations, [a petitioner] must do more than speculate about potential benefits that he was denied; he must provide concrete evidence that a favorable plea offer would have been available to him." *United States v. Ramos-Marrufo*, No. CRIM.A. 11-112, c, at *5 (E.D. La. Oct. 18, 2012) (Barbier, J.).

Weldon argues that he would have received a more favorable agreement if his attorney had properly prepared for negotiations.[22] Weldon's argument that his attorney was unprepared is based again on his objection to the application of 18 U.S.C. § 924(c).[23] Because Weldon's 18 U.S.C. § 924(c) argument is without merit, Weldon has failed to demonstrate that his counsel's performance was deficient and, even if he had demonstrated deficiency, Weldon has not identified any prejudice that he suffered.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Weldon's motion is **DENIED.**

New Orleans, Louisiana, September 26, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[21] Weldon was offered a plea agreement which he rejected. R. Doc. No 363-1, at 4.
[22] R. Doc. No. 343, at 26.
[23] *Id.*